# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Duane Whitmore,

    Plaintiff

v.

M. Dante, *et al.*,

    Defendants

**2:14-cv-00877-JAD-VCF**

**Order Granting Motion for Summary Judgment**

[ECF No. 24]

Nevada state prison inmate Duane Whitmore, who is represented by counsel, sues correctional officers ("COs") M. Dante and C. Newton and correctional-center caseworker Thomas, asserting two claims for retaliation in violation of the First Amendment under 42 U.S.C. § 1983.[1] The defendants move for summary judgment on both of Whitmore's claims, arguing that (1) Whitmore failed to satisfy the adverse-action requirement, (2) they are entitled to summary judgment on qualified-immunity grounds, and (3) Whitmore failed to exhaust his administrative remedies.[2] Because Whitmore failed to properly exhaust all available administrative remedies before filing this suit as the Prison Litigation Reform Act ("PLRA") requires, this court lacks jurisdiction to entertain his claims, and defendants are therefore entitled to summary judgment.[3]

## Background

Whitmore alleges that defendants retaliated against him while he was housed at Nevada's Southern Desert Correctional Center ("SDCC").[4]  He pleads that in January 2014, immediately after he complained about a search CO Dante had just conducted that left his cell in "shambles," COs

---

[1] ECF No. 7.

[2] ECF No. 24.

[3] I find this motion suitable for disposition without oral argument.  L.R. 78-1.

[4] These facts are taken from Whitmore's complaint, ECF No. 7, and should not be construed as findings of fact.

Dante and Newton again searched and "ransack[ed]" his cell and confiscated a padlock.[5]  The next day, Whitmore received a notice of charges for the padlock authored by CO Dante;[6] the charges were later dismissed.[7]  That same day, caseworker Thomas summoned Whitmore to his office and, with CO Dante present, "threatened to give [Whitmore] a level reduction to a more restrictive unit" if Whitmore continued to give the officers a "hard time."[8]

Whitmore asserts two First Amendment retaliation claims under 42 U.S.C. § 1983.  In claim one, he alleges that COs Dante and Newton retaliated against him for filing a grievance by performing the second search of his cell and that CO Dante retaliated against him by charging him with possession of contraband.[9]  In claim two, Whitmore alleges that caseworker Thomas and CO Dante retaliated against him by threatening to move him to a more restrictive unit if Whitmore continued to "giv[e] his officers a hard time . . . ."[10]

Defendants move for summary judgment on both of Whitmore's claims, arguing that (1) Whitmore has not alleged or shown a sufficiently adverse retaliatory action, (2) they are entitled to summary judgment based on qualified immunity, and (3) Whitmore did not exhaust his administrative remedies as required by the PLRA.

## Discussion

**A.      Summary-judgment standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

---

[5] ECF No. 7 at 6.

[6] *Id.*

[7] *Id.* at 6–7.

[8] *Id.* at 8.

[9] ECF No. 7 at 10.

[10] *Id.* at 7, 11.

1   law."[11]  When considering summary judgment, the court views all facts and draws all inferences in

2   the light most favorable to the nonmoving party.[12]  If reasonable minds could differ on material facts,

3   summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts

4   are undisputed, and the case must then proceed to the trier of fact.[13]

5        If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of

6   material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

7   showing that there is a genuine issue for trial."[14]  The nonmoving party "must do more than simply

8   show that there is some metaphysical doubt as to the material facts"; he "must produce specific

9   evidence, through affidavits or admissible discovery material, to show that" there is a sufficient

10   evidentiary basis on which a reasonable fact finder could find in his favor.[15]  The court only

11   considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[16]

12   **B.     Whitmore failed to fully exhaust his claims before filing suit.**

13        ***1.     Prisoner plaintiffs must fully exhaust the grievance process before filing suit.***

14        The PLRA requires inmates to exhaust all available administrative remedies before filing

15   "any suit challenging prison conditions."[17]  Failure to properly exhaust all available administrative

16   remedies as required by the PLRA is "an affirmative defense the defendant must plead and prove."[18]

17   Once a defendant proves that there was an available administrative remedy that the inmate did not

18

19   [11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

20   [12] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

21
22   [13] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

23   [14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

24
25   [15] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

26   [16] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

27   [17] 42 U.S.C. § 1997e(a).

28   [18] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

1  exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is

2  something in his particular case that made the existing and generally available administrative

3  remedies effectively unavailable to him."[19]  Nonetheless, the ultimate burden of proof remains with

4  the defendant.[20]  The question of exhaustion is typically disposed of on summary judgment, with the

5  judge deciding disputed factual issues relevant to exhaustion.[21]  If feasible, exhaustion should be

6  decided before reaching the merits of a prisoner's claims.[22]

7       In *Woodford v. Ngo,* the United States Supreme Court held that the PLRA's exhaustion

8  requirement requires *proper* exhaustion.[23]  Proper exhaustion means that the inmate must comply

9  with the prison's "deadlines and other critical procedural rules"[24] and properly use "all steps that the

10  [prison] holds out," so that the prison is given an opportunity to address the issues on the merits.[25]

11  And just this term, in *Ross v. Blake*, the United States Supreme Court reiterated that the PLRA's

12  proper exhaustion requirement is mandatory; exhaustion is only excused if administrative procedures

13  are not available.[26]

---

19 *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

20 *Id.*

21 *Id.* at 1170–71.

22 *Id.*, 747 F.3d at 1170.

23 *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added).

24 *Id.* at 91.

25 *Id.* at 90–91 (internal citation and quotation omitted).

26 *Ross v. Blake*, __S.Ct.__, 2016 WL 3128839, at * 5 (June 6, 2016) (holding that a court may not excuse an inmate's failure to exhaust administrative remedies before bringing suit under the PLRA, even to take "special" circumstances into account).

1

2

    **2.**     *Defendants have shown that Whitmore failed to exhaust all available administrative remedies before filing suit, so this court lacks jurisdiction over his § 1983 claims.*

3

       The NDOC has a three-level grievance process.[27]  An inmate begins this process by filing an

4

informal grievance.[28]  An inmate can appeal the prison's response to his informal grievance by filing

5

a  first-level grievance.[29]  To exhaust, the inmate must also appeal the prison's first-level response by

6

filing a second-level grievance.[30]

7

       The parties do not dispute that Whitmore initiated three grievance actions relating to the

8

allegations in this lawsuit; they bore grievance numbers 2006-29-73003, 2006-29-73004, and 2006-

9

29-73063.[31]  Whitmore did not exhaust the first two grievance actions because he did not file a

10

second-level grievance in either action.[32]  This case thus comes down to Whitmore's third grievance,

11

2006-29-73063.  The parties do not dispute that Whitmore filed an informal, first-level, and second-

12

level grievance in that action.[33]  The parties also do not dispute that the NDOC never addressed the

13

merits of Whitmore's claims in that action, and the record reflects that the NDOC repeatedly rejected

14

that action on procedural grounds as duplicative of Whitmore's first action[34] (for which he filed only

15

an informal grievance).[35]  In its responses to Whitmore's grievances in the third action, the NDOC

16

repeatedly instructed him to file his third grievance action under the grievance number for his first

17

18

19

[27] ECF No. 24-9 (AR 740).

20

[28] *Id.* at 5 (AR 740.05).

21

[29] *Id.* at 7 (AR 740.06).

22

[30] *Id.* at 8 (AR 740.07).

23

[31] ECF No. 24 at 13, ECF No. 32 at 10.

24

[32] ECF No. 24-6 (informal grievance only), 24-7 (informal and first-level grievance filed).

25

[33] ECF No. 24 at 13, ECF No. 32 at 10.

26

[34] ECF No. 24-8.

27

28

[35] ECF No. 24-6 at 2.  Whitmore's second grievance was also dismissed as duplicative of his first. ECF No. 24-7.

1    action (and proceed through the appeals process)[36] rather than initiate a new action.  He failed to do

2    so.

3         Whitmore argues that his third grievance action was "intended" to replace his earlier

4    grievance actions "to avoid multiple grievances on a single related chain of events so as to avoid any

5    confusion."[37]  He also argues that he could not have put the original grievance-action number on his

6    third action because he had not yet received the response when he attempted to initiate and exhaust

7    the third grievance action.[38]  Neither of these arguments excuses Whitmore from the PLRA's

8    mandatory proper exhaustion requirement.  Whitmore had five days from receipt of the rejection of

9    his first grievance action (20062973003) to appeal that decision through the appropriate channels and

10   exhaust his prison remedies.[39]  He never did so; instead, he initiated a new action in which he

11   proceeded through all three grievance levels—none of which addressed his grievance on the merits.

12        Defendants have carried their initial burden to show that administrative remedies exist that

13   Whitmore did not properly exhaust.  The grievances they properly authenticated and attached to their

14   moving papers show that Whitmore did not exhaust his first two grievance actions because he did

15   not proceed through all three levels of the NDOC's grievance process.[40]  And defendants have shown

16   that Whitmore did not properly exhaust his third grievance action because it was dismissed on

17   procedural grounds—as duplicative of his first grievance action—and was therefore never addressed

18

19

20

---

21   [36] ECF No. 24-8 at 2 (response to informal grievance) ("Greivance not accepted.  This is a duplicate
     of grievance #20062973003 . . . . Please wait for a response."); *id.* at 9 (response to first-level
22   grievance) ("Grievance not accepted.  Amended statements must be filed under the original
     grievance log number."); *id.* at 17 (response to second-level grievance) (grievance not accepted
23   because first-level grievance was not accepted).

24   [37] ECF No. 32 at 10.

25   [38] *Id.*

26   [39] ECF No. 24-9 at 7 (AR 740.05 § 12A).

27

28   [40] ECF Nos. 24-6 (first grievance); 24-7 (second grievance); 24-8 (third grievance); ECF No. 24-11
     (declaration of Associate Warden of Southern Desert Correctional Center Minor Adams).

on the merits.[41]  I find that the defendants have satisfied their initial burden of proving lack of exhaustion, so the burden shifts to Whitmore to produce evidence showing that these remedies were effectively unavailable to him before he filed this suit.

Whitmore fails to carry that burden.  He does not offer any evidence to show that the NDOC's three-level grievance procedure was effectively unavailable to him before he filed this suit. The record reflects that he initiated two new grievance actions after the first, each proceeding one level further than the last.[42]  In short, there is no evidence to suggest that some external force prevented Whitmore from properly exhausting his first grievance action.  I therefore find that Whitmore has not met his burden to produce evidence to show that retaliation by prison officials or any other factors rendered the prison-grievance process effectively unavailable to him as is required for me to excuse him from the PLRA's proper-exhaustion requirement.  Because Whitmore did not properly exhaust all available administrative remedies before filing this lawsuit, this court lacks jurisdiction to entertain his claims, and the defendants are entitled to summary judgment.

---

[41] ECF No. 24-8.  In fact none of Whitmore's grievances were addressed on the merits.  His first grievance was dismissed because he failed to include the relief he requested as is required by AR 740.05 § 6.  ECF No. 24-6.  And Whitmore's second grievance was also dismissed as duplicative of his first.  ECF No. 24-7.

[42] ECF No. 24-7 (Whitmore's second grievance action in which he filed an informal and first-level grievance), 24-8 (Whitmore's third grievance action in which he filed informal, first-level, and second-level grievances).

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY

ORDERED, ADJUDGED, and DECREED that **defendants' motion for summary judgment [ECF**

**No. 24] is GRANTED.**

The Clerk of Court is instructed to enter judgment for defendants and against Whitmore and

CLOSE THIS CASE.

Dated this 24th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge