UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Duane Whitmore, | 2:14-cv-00877-JAD-VCF |
| Plaintiff | **Order Denying Motion to Reconsider** |
| v. | [ECF No. 38] |
| M. Dante, *et al.*, | |
| Defendants | |

Nevada state-prison inmate Duane Whitmore, who is represented by counsel, sues correctional officers (Cos) M. Dante and C. Newton and correctional-center caseworker Thomas, asserting two claims for retaliation in violation of the First Amendment under 42 U.S.C. § 1983.[1] On June 24, 2016, I granted defendants' motion for summary judgment, finding that Whitmore failed to properly exhaust all available administrative remedies as required by the Prison Litigation Reform Act (PLRA).[2]  Whitmore now moves me to reconsider that ruling under FRCP 60(b).  Because Whitmore has given me no valid reason to reconsider and I still find that defendants are entitled to summary judgment, I deny the motion.[3]

## Background

Whitmore asserted two First Amendment retaliation claims under 42 U.S.C. § 1983 against three prison workers.  In claim one, Whitmore alleges that COs Dante and Newton retaliated against him for filing a grievance by searching his cell and that CO Dante retaliated against him by charging him with possession of contraband.[4]  In claim two, Whitmore alleges that caseworker Thomas and CO Dante retaliated against him by threatening to move him to a more restrictive unit if Whitmore

---

[1] ECF No. 7.

[2] ECF No. 36.

[3] I find this motion suitable for disposition without oral argument.  L.R. 78-1.

[4] ECF No. 7 at 10.

1  continued to "giv[e] his officers a hard time. . . ."[5]

2  Defendants moved for summary judgment on both of Whitmore's claims, arguing that (1) Whitmore failed to allege or show a sufficiently adverse retaliatory action, (2) they enjoy qualified immunity from Whitmore's claims, and (3) Whitmore failed to exhaust his administrative remedies as required by the PLRA. Because exhaustion is typically disposed of on summary judgment with the judge resolving factual disputes relevant to exhaustion and should, if feasible, be decided before reaching the merits of a prisoner's claims,[6] I first considered defendants' exhaustion arguments. As summarized in my prior order, Whitmore filed three grievance actions relating to the allegations in this lawsuit: 2006-29-73003, 2006-29-73004, and 2006-29-73063.[7] It is undisputed that Whitmore did not exhaust the first two grievance actions because he did not file a second-level grievance in either.[8] The exhaustion issue thus turns on Whitmore's third grievance action (2006-29-73003), in which he proceeded through all three levels.

The parties do not dispute that the prison never addressed the merits of Whitmore's claims in that action. The record reflects that the prison repeatedly rejected the grievances in that action on procedural grounds as duplicative of Whitmore's first action, for which he filed only an informal grievance.[9] In its responses to Whitmore's grievances in the third action, the prison repeatedly instructed him to file these grievances under the first grievance-action number and proceed through the appeals process in that action rather than initiate a new action. He failed to do so.

Whitmore argued on summary judgment that his third grievance action was "intended" to replace his earlier grievance action "to avoid multiple grievances on a single related chain of events

---

[5] *Id.* at 7, 11.

[6] *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

[7] ECF No. 24 at 13, ECF No. 32 at 10.

[8] ECF No. 24-6 (informal grievance only), 24-7 (informal and first-level grievance only).

[9] ECF No 24-6 at 2. Whitmore's second grievance action was also rejected as duplicative of his first. ECF No. 24-7.

so as to avoid any confusion."[10]  He also argued that he could not have put the original grievance-action number on the informal grievance that initiated the third grievance action because he had not yet received the response when he attempted to initiate and exhaust the third grievance action.[11]

I rejected these arguments, finding that neither excused Whitmore from the PLRA's mandatory exhaustion requirement.  I reasoned that Whitmore had five days from receipt of the rejection of the informal grievance in the first grievance action (2006-29-73003) to appeal that decision through the appropriate channels and properly exhaust his prison remedies.[12]  In rejecting the grievances in his second and third actions, prison officials told him to do just that.[13]  But Whitmore never did so; instead, he proceeded through all three levels in the third action—none of which gave the prison an opportunity to address Whitmore's retaliation claims on their merits as is required for proper exhaustion.

Because defendants showed that there were available administrative remedies that Whitmore did not take advantage of, the burden shifted to Whitmore to come forth with evidence to show that there was something about his particular case that made these generally available remedies unavailable to him, thus excusing exhaustion.[14]  I found that Whitmore failed to carry that burden, noting that "there is no evidence to suggest that some external force prevented [him] from properly exhausting his first grievance action."[15]  Accordingly, I granted summary judgment for defendants based on exhaustion, and I declined to address defendants' remaining summary-judgment arguments.

---

[10] ECF No. 32 at 10.

[11] *Id.*

[12] ECF No. 36 (citing AR 740.05 § 12A).

[13] The rejection of Whitmore's informal grievance in the third action states: "Grievance not accepted. This is a duplicate of grievance #20062973003 submitted on 1/13/14.  Please wait for a response." ECF No. 24-8 at 2.

[14] ECF No. 36 at 6.

[15] *Id.* at 7.

Whitmore moves for relief from judgment, arguing that prison staff improperly rejected his third grievance action for "flip flop" reasons not explicitly provided for in the prison's administrative regulations, thus rendering the prison's three-level grievance process effectively unavailable to him.[16] At the very least, Whitmore contends, whether the grievances in his third grievance action were improperly rejected is genuinely disputed, precluding summary judgment based on exhaustion.

## Discussion

### A.   Motions for relief from judgment under FRCP 60(b)

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."[17] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled."[18]

### B.   Exhaustion under the PLRA

The PLRA requires inmates to exhaust all available administrative remedies before filing "any suit challenging prison conditions."[19] Failure to properly exhaust all available administrative remedies as required by the PLRA is "an affirmative defense the defendant must plead and prove."[20] Once a defendant proves that there was an available administrative remedy that the inmate did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[21] Nonetheless, the ultimate burden of proof remains with

---

[16] ECF No. 38.

[17] *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

[18] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[19] 42 U.S.C. § 1997e(a).

[20] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

[21] *Baca*, 747 F.3d at 1172.

the defendant.[22] The question of exhaustion is typically disposed of on summary judgment, with the judge deciding disputed factual issues relevant to exhaustion.[23] If feasible, exhaustion should be decided before reaching the merits of a prisoner's claims.[24]

In *Woodford v. Ngo,* the United States Supreme Court held that the PLRA's exhaustion requirement requires *proper* exhaustion.[25] Proper exhaustion means that the inmate must comply with the prison's "deadlines and other critical procedural rules"[26] and properly use "all steps that the [prison] holds out," so that the prison is given an opportunity to address the issues on the merits.[27] The United States Supreme Court in *Ross v. Blake* recently reiterated that the PLRA's proper exhaustion requirement is mandatory: exhaustion is only excused if administrative procedures are not available.[28]

The Nevada Department of Corrections has a three-level grievance process.[29] An inmate begins this process by filing an informal grievance.[30] An inmate can appeal the prison's response to his informal grievance by filing a first-level grievance.[31] To exhaust, the inmate must also appeal the prison's first-level response by filing a second-level grievance.[32]

---

[22] *Id.*

[23] *Id.* at 1170–71.

[24] *Id.*, 747 F.3d at 1170.

[25] *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added).

[26] *Id.* at 91.

[27] *Id.* at 90–91 (internal citation and quotation omitted).

[28] *Ross v. Blake*, 136 S. Ct. 1850 (2016) (holding that a court may not excuse an inmate's failure to exhaust administrative remedies before bringing suit under the PLRA, even to take "special" circumstances into account).

[29] ECF No. 24-9 (AR 740).

[30] *Id.* at 5 (AR 740.05).

[31] *Id.* at 7 (AR 740.06).

[32] *Id.* at 8 (AR 740.07).

**C. Whitmore has failed to carry his burden to show that the grievance process was effectively unavailable to him.**

In *Ross v. Blake*, the United States Supreme Court identified three kinds of circumstances in which an administrative remedy, although officially on the books, is not "available" for exhaustion purposes. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."[33] "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it."[34] Third, a grievance process is rendered unavailable "when prison administrators thwart inmates from taking advantage" of it "through machination, misrepresentation, or intimidation."[35]

It is the third situation that Whitmore contends excuses his exhaustion here.[36] He argues that the prison's basis for procedurally rejecting the grievances in the third grievance action are illegitimate because they are not explicitly provided for in the prison's administrative regulations and they are internally inconsistent. At the very least, Whitmore contends, he has challenged the rejections as illegitimate, creating a genuine dispute of material fact that precludes summary judgment.

At the outset, I note that summary judgment is not inappropriate merely because Whitmore contests the legitimacy of the prison's regulations. In this circuit, exhaustion under the PLRA is typically disposed of on summary judgment, with the judge resolving disputed factual issues.[37] Even were I to deny defendants' summary-judgment motion, I would still decide disputed factual issues

---

[33] *Ross*, 136 S. Ct. at 1859.

[34] *Id.*

[35] *Id.*

[36] ECF No. 38 at 7 n.8.

[37] *Baca*, 747 F.3d at 1170.

relevant to exhaustion at trial.[38] Defendants moved for summary judgment after discovery closed, and I have before me the relevant grievances, rejections, and administrative regulations. Though Whitmore contests the legitimacy of the prison's rejections, I still find, based on the full record before me, that exhaustion in this case is properly disposed of on summary judgment and that Whitmore has failed to shift the proper-exhaustion burden back to the defendants.

Whitmore has not shown that the prison's generally available administrative remedies were unavailable due to "machination, misrepresentation, or intimidation" or any other circumstances. As I noted in my summary-judgment order, Whitmore was repeatedly instructed how to properly exhaust his retaliation claims. In its responses to Whitmore's grievances in the second and third actions, prison officials repeatedly explained to Whitmore that he was attempting to file duplicate actions and that he needed to file his grievances under the first grievance-action number at the original level and proceed through the appeals process in that action rather than initiate a new action. Whitmore ignored these instructions, erroneously believing that he could properly exhaust his retaliation claims by abandoning the first and second actions and filing a third action in which he appealed all procedural rejections.

The United States Supreme Court has explicitly rejected the argument that an inmate's reasonable but mistaken belief that he has properly exhausted his administrative remedies can excuse exhaustion under the PLRA.[39] There is nothing in the record to suggest that prison officials intentionally thwarted Whitmore's ability to access the three-level grievance process, and I am unpersuaded by his arguments that exhaustion is excused because the prison's proffered reasons for rejecting the grievances in the third action are not explicitly provided for in AR 740 and are internally inconsistent. I find that these rejections are consistent with each other, and that any relied-on procedural rules not explicitly stated in AR 740 are common-sense rules necessary to the orderly and efficient management of the prison's administrative-grievance system that were clearly communicated to Whitmore, who chose to ignore them.

---

[38] *Id.* at 1170–71.

[39] *Ross*, 136 S. Ct. at 1856–57.

The prison rejected Whitmore's informal grievance in the third action because it was a duplicate of the informal grievance that he had filed in the first action. In rejecting the grievance, the prison explicitly instructed Whitmore to wait for a response in the first action (which he could then appeal) rather than instituting a new action.[40] Whitmore claims that the third action was not in fact duplicative, and was therefore improperly rejected, because it included additional facts not contained in the informal grievance in the first action.[41] That Whitmore included additional facts does not change the fact that the informal grievances in both actions are based on the alleged January 2014 retaliation. To say that any time an inmate adds new facts to support his claims he can institute a new action would flood the prison administrative-grievance system and allow for multiple actions stemming from the same core of operative facts with potentially inconsistent outcomes—a result our own federal-court system forbids.

The prison next rejected Whitmore's first-level grievance, stating: "Grievance not accepted. Amended statements must be filed under the original grievance log number and the same level originally submitted."[42] This is entirely consistent with the prison's first rejection of grievance 2006-29-73063 (and its rejections in the second grievance action) as duplicative of the first action. In short, Whitmore was repeatedly instructed not to submit multiple grievances stemming from the same factual incidents and to instead file any amended statements under the original grievance number. Even if this procedural bar is not explicitly stated in AR 740, Whitmore was repeatedly advised of its existence, so the process was not so "opaque" that it was "incapable of use," nor does it appear that prison officials intentionally misled Whitmore about the grievance process.

At best, Whitmore has shown that he made a good-faith effort to exhaust all available administrative remedies. He attempted to inform prison officials of his belief that the third action was not a duplicate because it contained additional facts not contained in the first action and he appealed the procedural denial of his third action through all three levels. But that is not enough. I

---

[40] ECF No. 24-8 at 2.

[41] ECF No. 38 at 4.

[42] ECF No. 24-8 at 9.

simply do not find on the record before me that Whitmore has shown that the prison's administrative grievance process was unavailable to him due to any of the circumstances the Supreme Court identified in *Ross v. Blake* or otherwise. So, I still find that the question of exhaustion was properly disposed of on summary judgment and that defendants were entitled to summary judgment based on exhaustion. I therefore deny Whitmore's motion to reconsider.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Whitmore's motion to reconsider **[ECF No. 38] is DENIED.**

Dated this 20th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge